UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT OMAR PRATT, JR.,

    Plaintiff,

v.                                     CAUSE NO. 3:21-CV-360 DRL-MGG

COUNTY OF LaPORTE *et al.*,

    Defendants.

## OPINION AND ORDER

Robert Omar Pratt, Jr., a prisoner without a lawyer, filed a complaint alleging he was mistreated and did not receive medical treatment at the LaPorte County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Pratt lists 25 defendants, but he only mentions four of them in his explanation of the claims he is attempting to present. He alleges the LaPorte County Jail is violating his rights, but the jail is a building – it is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He alleges medical staff should be held liable for denying him medical treatment; but without names, this is no different than suing an unknown doctor or unknown nurse. "[I]t is pointless to include lists of anonymous defendants in

federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Mr. Pratt alleges Sheriff John T. Boyd should be held liable for denying him medical treatment, but the complaint does not explain what Sheriff Boyd knew or did that might make him liable. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Finally, he alleges Deputy Minic "belittled me and my mental illnesses." ECF 1 at 5. Though unprofessional, mere verbal abuse does not state a claim. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Pratt may file an amended complaint if he can describe what each defendant did which he believes violated his rights because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Robert Omar Pratt, Jr. until **June 25, 2021**, to file an amended complaint; and

(2) CAUTIONS Robert Omar Pratt, Jr. if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 25, 2021                                                     *s/ Damon R. Leichty*
                                                                           Judge, United States District Court