UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT OMER PRATT, JR., <br><br> Plaintiff, <br><br> v. <br><br> TCHAPTICHET, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-360-DRL-MGG |

OPINION AND ORDER

Robert Omer Pratt, Jr., a prisoner without a lawyer, sued complaining about the medical care he was receiving at the LaPorte County Jail. ECF 1. The court determined the complaint was too vague to state a claim and gave Mr. Pratt an opportunity to file an amended complaint. ECF 4. In his amended complaint, Mr. Pratt narrows the focus to events surrounding a pink eye diagnosis.[1] ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is

---

[1] Pink eye, or conjunctivitis, refers to a reddening of the white part of the eye and has several possible causes, most commonly viruses, bacteria, or allergens. *See* Centers for Disease Control and Prevention, *Conjunctivitis (Pink Eye): Causes*, https://www.cdc.gov/conjunctivitis/about/causes.html (last visited Nov. 22, 2021). Pink eye does not always require medical care; cold compresses and over-the-counter artificial tears can relieve some of the symptoms while the condition resolves on its own. *See* Centers for Disease Control and Prevention, *Conjunctivitis (Pink Eye): Treatment*, https://www.cdc.gov/conjunctivitis/about/treatment.html (last visited Nov. 22, 2021).

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Pratt was awaiting trial when these events occurred, so his claims are analyzed under the Fourteenth Amendment, which prohibits holding pretrial detainees in conditions that "amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). "[N]egligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda*, 900 F.3d at 353. Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *McCann*, 909 F.3d at 886.

Mr. Pratt alleges that in May 2021, another inmate at the jail came down with pink eye, and it spread to him. He is suing the jail doctor for not immediately isolating the other inmate as soon as the symptoms began to prevent it from spreading. However, the complaint does not allege when or whether the jail doctor saw the other inmate, so there is no basis to infer that the jail doctor made a purposeful, knowing, or reckless decision

2

not to isolate the other inmate. In addition, the complaint does not plausibly allege facts to suggest the other inmate's pink eye posed a particular risk to Mr. Pratt. Although pink eye is contagious, its spread can be limited by frequent hand washing and not sharing items with an infected person. *See* CDC, *Conjunctivitis (Pink Eye): Prevention*, https://www.cdc.gov/conjunctivitis/about/prevention.html (last visited Nov. 22, 2021). The complaint does not plausibly allege the doctor's alleged inaction was objectively unreasonable.

Next, Mr. Pratt sues a jail deputy for preventing him from having a nurse look at his eye during med pass after he began developing symptoms. This also does not state a claim. Mr. Pratt alleges that his eye had turned pink and started hurting and that he wanted the nurse to look at it during med pass. However, the complaint does not plausibly allege that it was objectively unreasonable for a deputy to require Mr. Pratt to follow the regular med call procedure to receive medical attention for a non-emergent problem.

After Mr. Pratt received medical attention, he alleges he was prescribed eye drops. He sues a nurse at the jail, alleging she did not put the eye drops on the med cart for the first two days after the eye drops were prescribed. As a result, he says he did not receive the full course of medication, causing his eye to swell shut and not heal properly, but there is no indication that he sought further medical care for his eye. Mr. Pratt gives no facts about his interaction with the nurse to suggest the nurse purposely, knowingly, or recklessly left the eye drops off the med cart or that the new prescription was even available immediately after it was prescribed. A complaint must contain sufficient factual

matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The circumstances here do not allow a reasonable inference that the two-day delay in dispensing a new prescription was objectively unreasonable.

Finally, Mr. Pratt sues the LaPorte County Sheriff because he is in "charge of well being and should be held responsible also." ECF 5 at 4. But he does not otherwise allege the sheriff had any personal knowledge of or involvement in his medical care at the jail. The sheriff cannot be held responsible simply because of his supervisory position at the jail. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v.*

4

*United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

December 3, 2021             *s/ Damon R. Leichty*
                             Judge, United States District Court